IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL L. OVERTON,

    Plaintiff,           No. CIV S-05-1391 DFL PAN P

    vs.

STOCKTON VALLEY FEDERAL
S&L, et al.,              ORDER AND

    Defendants.      FINDINGS & RECOMMENDATIONS
_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $2.67 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  /////

The present action has been brought under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff proceeding under this provision of the Civil Rights Act must prove that he was deprived of a right secured by the constitution or laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In his complaint, plaintiff alleges as follows: his grandmother died in 1998, leaving to plaintiff an estate worth six billion dollars; in January 2000 plaintiff filed a complaint in the San Joaquin County Superior Court in 2000; and the state court has not directed the sheriff to serve plaintiff's complaint despite numerous requests by plaintiff. Plaintiff asks the court to order service of the state court complaint, and he seeks money damages and an inheritance to which he believes he is entitled. The defendants named in the complaint are the Stockton Valley Federal Savings & Loan and several Doe defendants.

Court records reveal that on September 9, 2004, plaintiff filed a complaint containing virtually identical allegations against the Stockton Valley Federal Savings & Loan. (No. Civ. S-04-1874 MCE DAD P ).[1] That action was dismissed on December 15, 2004 for failure to state a claim upon which relief may be granted. In findings and recommendations filed in that action on November 16, 2004, the magistrate judge made the following findings:

> Plaintiff has not alleged facts showing that any defendant is acting under color of state law. It does not appear that the defendants' actions or failures to act meet any test for determining whether a private party is acting under color of state law. Plaintiff has not shown that the bank officials are engaging in activity

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

traditionally reserved to the State of California, see Rendell-Baker v. Kohn, 457 U.S. 830, 840-41 (1982), that the relationship between the bank officials and the State of California is such that the actions of the bank officials are attributable to the State of California, see Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001), that bank officials willfully participated in joint action with officials of the State of California to deprive plaintiff of federal rights, see Taylor v. List, 880 F.2d 1040, 1048 (9th Cir. 1989), or that bank officials were compelled by state law or custom to act in a manner that deprived plaintiff of federally protected rights, see George v. Pacific-CSC Work Furlough, 91 F.3d 1227, 1232 (9th Cir. 1996). See also Burbridge v. California Dep't of Corrections, No. C 96-0544 EFL, 1996 WL 103835, at *1 (N.D. Cal. Feb. 21, 1996) (dismissing as frivolous the prisoner plaintiff's allegations that various private individuals and corporations unlawfully confiscated money he inherited and conspired with state employees to deprive him of his funds); Rembert v. Littlehales, Civ. No. 92-566-FR, 1992 WL 220691, at *1 (D. Or. Sept. 2, 1992) (ruling that the prisoner plaintiff failed to allege facts stating a § 1983 claim against the lawyer who represented the personal representative of the family estate).

State action is an essential element of a § 1983 case, and it is the plaintiff who bears the burden of alleging and proving this element. See Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir.), cert. denied sub nom. Oregon Arena Corp. v. Lee, 536 U.S. 905 (2002). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood, 531 U.S. at 295 (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). In the present case, plaintiff has not alleged facts showing that a deprivation of his federal rights has been committed by one or more persons acting under color of state law. This action must be dismissed as legally frivolous and for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e).

(Overton v. Stockton Valley Federal S & L, et al., No. CIV S-04-1874 MCE DAD P, Findings and Recommendations filed November 16, 2004, at 3-4.)[2] The complaint filed in the instant action suffers from the same defects as those identified by the magistrate judge in Case No. CIV

/////

/////

---

[2] Those findings and recommendations were adopted in full by the district in an order filed December 15, 2004.

4

1  S-04-1874 MCE DAD P[3] and, for the reasons identified therein, this action must also be

2  dismissed for failure to state a claim upon which relief may be granted.

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's July 11, 2005 motion for leave to proceed in forma pauperis is

5  granted.

6          2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

7  Plaintiff is assessed an initial partial filing fee of $2.67.  All fees shall be collected and paid in

8  accordance with this court's order to the Director of the California Department of Corrections

9  and Rehabilitation filed concurrently herewith.

10         IT IS HEREBY RECOMMENDED that this action be dismissed for failure to

11 state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A.

12         These findings and recommendations are submitted to the United States District

13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14 days after being served with these findings and recommendations, plaintiff may file written

15 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

16 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

17 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

18 F.2d 1153 (9th Cir. 1991).

19 DATED:   April 27, 2006.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

23 12;over1391.56

---

[3] Indeed, plaintiff "re-submitted" a complaint originally dated September 4, 2004 as a new complaint that was opened as the instant action.  See Complaint, filed July 11, 2005, at 11.

5